# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CRAWFORD, Administratrix of the Estate of Monty Crawford, Plaintiff, <br><br> v. <br><br> CORIZON HEALTH, INC., et al. <br><br> Defendants. | Civil Action No. 17-113 <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |

## I.     INTRODUCTION

The Court held a telephonic hearing in this matter on April 17, 2018, concerning a discovery dispute that has arisen between the parties. Participating in the hearing were Wayne Ely, counsel for Plaintiff; Katie Kenyon, counsel for Defendant Corizon Health, Inc.; and Evan Lowry, counsel for Defendant Samir Moussa, M.D. Having reviewed the parties' Joint Statement of Issues and counsel's correspondence attached thereto, and having heard argument of counsel, the Court finds and rules as follows:

## II.     BACKGROUND

This case involves a claim brought under 42 U.S.C. §1983 by Andrea Crawford, whose decedent Monty Crawford died on May 21, 2015 while detained at the Allegheny County jail. Plaintiff Crawford has brought suit against Corizon Health, Inc., which contracted with the jail to provide medical services, and its individual employees, health care providers working at the jail.

Crawford alleges her son committed suicide while detained in the jail; that he did so as a result of defendants' failure to dispense certain necessary medications while he was in custody; and that defendants' deliberate indifference to his medical needs constituted a violation of his

Eighth Amendment rights. In January of this year, the Court denied defendants' motion to dismiss, holding that the pleadings were sufficient for stating this claim.

## III.   DISCUSSION

In the dispute before the Court, Plaintiff is seeking (1) an *in camera* review by the Court of the five documents listed on the privilege log in Defendant's counsel's March 2, 2018 correspondence (*see* Joint Statement, Ex. A at 8); and (2) an order compelling Defendant Corizon to produce documents in response to Request for Production No. 29, which seeks "Any and all reports evidencing any investigation into the death of any inmate at the Allegheny County Jail" from September 1, 2013 through August 31, 2015. After hearing argument of counsel, the Court issued the following rulings:

1. <u>The Peer Review Act Privilege Does Not Apply</u>

In its responses to several Requests for Production, Defendant Corizon objected to production of documents relating to a Sentinel Act Corrective Act Plan, claiming a privilege based on the Pennsylvania Peer Review Protection Act. That statute provides, "the proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review by such committee." 63 Pa. Stat. Ann. § 425.4 (1996).

Plaintiff argues that a state-law privilege does not apply in a federal case brought pursuant to federal law. Fed. R. Evid. 501 ("privilege . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States."); *see Weiss v. Cty. of Chester*, 231 F.R.D. 202, 204-05 (E.D. Pa. 2005)("federal privileges apply to federal law claims, and state privileges apply to claims arising under state law."), *citing Pearson v. Miller*,

211 F.3d 57, 66 (3d Cir. 2000). In *Weiss*, the Court declined to extend the state statutory Peer Review privilege into federal common law, finding that the Third Circuit disfavors privilege, and that the U.S. Congress has considered, but declined to extend, a similar peer-review privilege to federal courts. *Weiss* at 205. Defendant, acknowledging the heavy weight of authority against it, conceded a Peer Review privilege was not available in this case. The Court holds that the Peer Review privilege does not apply to this case, and that Defendant cannot withhold discovery on these grounds.

2. The Court Will Conduct an *In Camera* Review of Five the Withheld Documents

Plaintiff has asked the Court to conduct an *in camera* review of five documents Defendant has withheld from production, to evaluate the merits of Defendant's claim of an attorney-client privilege. The five documents, listed in counsel Kathryn Kenyon's March 2, 2018 letter to Wayne Ely, shall be produced to the Court for such review no later than April 23, 2018.

3. Defendant Shall Produce Documents in Response to Plaintiff's Request for Production No. 29

Plaintiff seeks production of "[a]ny and all reports evidencing any investigation into the death of any inmate at the Allegheny County Jail," limiting that request to the period during which Corizon provided health care at the jail. *See* Joint Statement, Ex. A. Defendant Corizon has objected to production of documents relating to medical records of others not a party to this case, based in part on a concern for privacy issues established under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). But HIPAA regulations make exception for documents produced in response to a discovery request in a judicial proceeding, provided that such documents are produced subject to a qualified protective order that "(A) Prohibits the

3

parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding." 45 C.F.R. § 164.512(e). Any other privacy concerns can be addressed by deleting names and other identifiers. Defendant shall produce the documents in question, pursuant to a protective order agreed upon by the parties, no later than May 1, 2018.

## IV.     CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion to Compel. Defendant Corizon shall, no later than April 23, 2018, present the five documents listed on the March 2 privilege log to the Court for *in camera* review. Defendant shall produce documents in response to Request for Production No. 29, including medical records, subject to a qualified protective order agreed upon by the parties. The deadline for such production is May 1, 2018.

Dated this 18th day of April, 2018.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge