## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

ANDREA CRAWFORD, Administratrix of
the Estate of Monty Crawford,
      Plaintiff,

        v.

CORIZON HEALTH, INC., et al.

      Defendants.

Civil Action No. 17-113

**ORDER TO SHOW CAUSE**

This Court is in receipt of five emails and their attachments that Defendant Corizon Health, Inc. has withheld from production, apparently based upon claims of attorney-client privilege and attorney work-product immunity.[1] Plaintiff requested an *in camera* review of the documents to allow the Court to evaluate the merits of Defendant's claims, which the Court has conducted. The Court hereby orders Defendant Corizon to show cause why the five documents should not be produced.

A claim of privilege "cannot stand in derogation of the search for truth and must therefore be strictly confined within the narrowest possible limits consistent with the logic of its principle. . . . Thus, a party claiming that the attorney-client privilege exists bears the burden of proving that the privilege applies to the communication." *Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc*., 227 F.R.D. 382, 389 (W.D. Pa. 2005), *quoting In re Grand Jury Investigation*, 599 F.2d 1224, 1235 (3d Cir. 1979).

---

[1] In a previous Order Granting Plaintiff's Motion to Compel, the Court ruled that Defendant's claimed "Peer Review Act" privilege based on Pennsylvania law did not apply. *See* Dkt. No. 130.

Defendant has yet to meet its burden as to the five withheld documents. As a threshold matter, the Court notes that Corizon failed to comply with Fed. R. Civ. P. 26(b)(5)(A), which requires that a party claiming a privilege produce a log of withheld documents, "expressly make the claim," and "describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the claim." In its March 22, 2018 letter, Corizon counsel listed the withheld documents, but did not specifically identify the nature of the privilege being claimed (*i.e.* attorney-client or attorney work-product doctrine), or include the information necessary to enable Plaintiff, or the Court, to assess the claim. To adequately conduct its *in camera* review of the discoverability of the subject documents, the Court needs more information than Defendant has provided. More specifically:

June 13, 2015 email from Lesli Travis to Tonya Mooningham. Defendant has withheld this document because it "provid[es] information requested by counsel." There are no attorneys included either as authors or recipients of the email, nor is there reference anywhere in the document to a request from counsel. It is unclear who authored the attached document, to whom it was written, or for what purpose it was created or used. As the Court has already held, a document may not be withheld in this case based on a "Peer Review" privilege, and a document is not privileged merely because it contains information requested by counsel. *See SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 485 (E.D. Pa. 2005) ("Merely alleging that the document was 'work product done at the request of . . . outside counsel,' without more, is not sufficient."). More information is needed for the Court to determine whether these documents may be withheld.

June 9, 2015 email from Alicia Wiggs to John Deghetto, *et al.* This email is from Corizon counsel, but Defendant has not identified for the Court who all of the recipients are, and in

particular whether they are Corizon employees or third parties whose inclusion on the email might constitute a waiver.

June 5, 2015 email from Alicia Wiggs to John Deghetto and Lesli Travis. This is an email from Corizon's counsel to managerial Corizon employees, and the Court agrees it is privileged. The attached document, however, appears to be the same Sentinel Event Corrective Action Plan that Plaintiff is already in possession of, the privilege of which has therefore apparently been waived. Without further information, the Court cannot find that the attachment is privileged.

May 22, 2015 email from Christina Isbell on behalf of Attorney Scott King, to Keith Halstead, John Deghetto, copied to "Sentinel Event Committee". This email and the attached memo constitute communication from Defendant Corizon's attorney, but again, the email is addressed to multiple parties, including a committee whose members are not identified. The Court needs more information to determine whether the email and attached document are privileged or attorney work product, including, at a minimum, whether recipients of the email are clients or third parties.

May 24, 2015 email from Alicia Wiggs to Scott King, copied to Parul Mistry, Susan Schranze, John Deghetto. This email is from one of Corizon's attorneys to another, but is copied to multiple parties. Again, it is unclear from the context of the document or the parties' telephone conference with the Court who these parties are, and whether the sharing of this email with them constitutes a waiver of privilege.

## IV.  CONCLUSION

As outlined above, the Court cannot make a privilege/attorney work-product determination without more information. Therefore, the Court orders Defendant to show cause why the referenced documents should not be produced. Defendant should provide, no later than

April 27, 2018, the elements required under Fed. R. Civ. P. 26(b)(5)(A); the identities of the

parties to whom the emails are addressed or copied; their relationship to defendant and/or its

attorneys; and any legal basis for the withholding of the documents.

Dated this 24th day of April, 2018.


Barbara Jacobs Rothstein
U.S. District Court Judge