# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CRAWFORD, Administratrix of the Estate of Monty Crawford, Plaintiff, <br><br> v. <br><br> CORIZON HEALTH, INC., et al. <br><br> Defendants. | Civil Action No. 17-113 <br><br> ORDER RE: MOTION TO COMPEL AND *IN CAMERA* REVIEW |

In response to Plaintiff Andrea Crawford's April 17, 2018 telephonic request to the Court for an order to compel production, the Court conducted an *in camera* review of five documents Defendant Corizon Health, Inc., was attempting to withhold from production based on claims of attorney-client privilege and work-product protection. The Court subsequently ordered Corizon to Show Cause as to why the documents should not be produced, noting that more information was needed to determine whether any privilege had been established and, if it had, if that privilege had been waived. Having reviewed the documents *in camera*, and having considered the information submitted to the Court by Corizon in response to the Court's Order to Show Cause, the Court hereby rules as follows.

Corizon shall produce to Plaintiff's counsel the June 13, 2015 email string from Lesli Travis to Tonya Mooningham and the attachment thereto. As the Court previously noted, it is undisputed that there are no attorneys included either as authors or recipients of the email. It is not entirely clear who authored the attached document, to whom it was written, or for what purpose it was created or used, but there is no reference in the email, or the attached document,

1

that the communication was one between attorney and client. It therefore is not covered by the attorney-client privilege.

This email and attachment are also not protected by the work-product doctrine. Mere assertion by counsel that a document contains material requested by counsel is insufficient to overcome the presumption of discoverability. *See SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 485 (E.D. Pa. 2005) ("Merely alleging that the document was 'work product done at the request of . . . outside counsel,' without more, is not sufficient."). Nothing in the email exchange or attached document reveals the litigation strategy or the "mental processes of the attorney." There is no reference anywhere in the document to a request from counsel, or to litigation, nor does the material appear to be prepared by a "representative" of counsel such as an investigator or paralegal. It appears to be nothing more than fairly routine "[Sentinel Event] paperwork" prepared for entry into a Corizon database and/or for the Sentinel Event Committee, not material prepared in anticipation of litigation at an attorney's request. Corizon's response to the Order to Show Cause does not demonstrate otherwise, and Corizon thus fails to meet its burden of demonstrating it is entitled to withhold the document.

The Court finds, however, that the remaining four documents withheld by Corizon are in fact privileged, and Corizon has no obligation to produce them. Each of the emails is either to or from Corizon counsel, in communication with its client. It appears that none of the parties included in the emails with Corizon attorneys would work a waiver of the privileged material, as all are Corizon employees included in the communication for the purposes of obtaining and providing legal advice. Furthermore, the Court finds that the documents attached to the privileged emails are also, in context, part of the communication between counsel and clients, and therefore also privileged.

## IV.    CONCLUSION

Counsel for Defendant shall produce the June 13, 2015 email and attached document discussed above forthwith. The remaining four documents that are the subject of the Motion to Compel are hereby deemed privileged, and need not be produced.

Dated this 30th day of April, 2018.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge