UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CRAWFORD, Administratrix of the Estate of Monty Crawford, Plaintiff, <br><br> v. <br><br> CORIZON HEALTH, INC., et al. <br><br> Defendants. | Civil Action No. 17-113 <br><br> ORDER GRANTING JOINT MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on the Joint Motion for Summary Judgment ("Joint Motion") filed by Defendant Corizon Health, Inc., and Plaintiff Andrea Crawford. The Joint Motion seeks dismissal of the crossclaim against Corizon, asserted by Defendants Allegheny County, Orlando Harper, and Monica Long (collectively, "County Defendants"). That crossclaim seeks indemnity of the County Defendants by Corizon, pursuant to a provision in the Health Services Agreement ("HSA") between Allegheny County and Corizon. Having reviewed the parties' briefs and the exhibits attached thereto, the Court finds and rules as follows.

## II. BACKGROUND

Plaintiff Andrea Crawford filed this lawsuit as administratrix of the estate of her son, Monty Crawford, who died of an alleged suicide while in custody at the Allegheny County jail. Plaintiff claimed that her son's death was a result of Defendants' failure to provide adequate medical care. Pursuant to court-ordered mediation, Plaintiff settled her claims against Corizon and multiple individual Corizon defendants named in this case, leaving only her claim against the County Defendants, and the County Defendants' crossclaim for indemnity against Corizon.

1

In her Amended Complaint, the Plaintiff alleged that the County and Defendants Harper and Long—at all relevant times, respectively, the warden and deputy warden at the Allegheny County Jail—"maintained a custom and policy of not providing required medications to inmates and delegated functions relating to medical care to the Corizon Defendants while knowing or being recklessly indifferent to the fact that the Corizon Defendants were ignoring the serious medical needs of inmates." Am. Compl. ¶ 80. She alleged that the County Defendants "failed to take or enact appropriate corrective measures to address those problems," resulting in "a shockingly high number of deaths," including that of her son. *Id*. ¶¶ 81, 83. In Count I of the Amended Complaint, Plaintiff asserted a claim against the County Defendants under 42 U.S.C. § 1983, for "Violation of Eighth Amendment Constitutional Rights And Deliberate Indifference to Medical Needs."

In their Answer to the Amended Complaint, the County Defendants asserted a crossclaim for indemnification against Corizon, premised on the "Hold Harmless" clause found in the HSA executed by Corizon Health, Inc and Allegheny County. County Defs.' Ans. to Am. Compl., Dkt. No. 79, ¶ 144. The relevant language in the HSA provides:

> Corizon shall indemnify and hold harmless the County and its agents, elected or appointed officials, servants, assigns and/or employees from any and all claims, actions, lawsuits, damages, judgments and/or liabilities of any kind whatsoever arising out of the operation and maintenance of the aforesaid program of health care services as provided under this Agreement by Corizon, its employees, agents and/or independent contractor; it being the express understanding of the Parties hereto that Corizon shall provide the actual health care services, and have complete responsibility for such health care services provided by its employees and/or agents and any lawsuit arising solely or partially out of such delivery of healthcare. . . . Corizon's obligation to indemnify the County as set forth herein shall not apply to any claims, actions, lawsuits, damages, judgments and/or liabilities of any kind whatsoever to the extent that said claims, actions, lawsuits, damages, judgments and/or liabilities result from the negligent acts and/or omissions of the County and/or any of its agents, elected officials, servants, assigns and/or employees.

¶10.2, Appendix to Joint Motion, Ex. 1. It is this crossclaim for indemnification that Corizon and Plaintiff now jointly ask the Court to dismiss, asserting that their confidential settlement agreement released any claims that could have formed the basis of an indemnity claim under the HSA, and deliberately "carved out" Plaintiff's claims based on the negligent acts and/or omissions of the County Defendants, leaving only claims that would not be indemnified by the HSA.

### III. DISCUSSION

#### A. Summary Judgment Standard

Summary judgment is proper "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Weldon v. Kraft, Inc.*, 896 F.2d 793, 797 (3d Cir. 1990), *citing Sorba v. Pennsylvania Drilling Co.*, 821 F.2d 200, 204 (3d Cir.1987), *cert. denied*, 484 U.S. 1019 (1988).

B. The Health Services Agreement Does Not Provide Indemnification for County Defendants' Negligence

In their Joint Motion, Plaintiff and Corizon argue that the indemnity provision cited above clearly excludes the negligent acts and/or omissions of Allegheny County, and "does not extend to claims brought directly against the County." Joint Motion at 5. Count I of the Amended Complaint, they claim, constitutes a "separate and distinct" claim related to the County's management of the Allegheny County Jail, and is thus not covered by the indemnity provision.[1]

The County Defendants counter that the indemnification promised under the HSA was plenary, emphasizing Corizon's promise to provide indemnity for liability "of any kind whatsoever arising out of the operation and maintenance of . . . the health care services as provided under this Agreement," including "lawsuits arising solely or partially out of such delivery of healthcare." HSA, ¶ 10.2. The County Defendants assert, quoting the indemnity provision, that Corizon agreed that "it had complete responsibility for such healthcare services." *Id*. The County Defendants acknowledge that the indemnity provision excludes liability for the County's negligent acts and/or omissions, but claims that "this exclusion cannot be applicable to medical care because [Corizon] is the sole provider of medical care." Resp. to Joint Motion at 13.

The County Defendants' arguments are unavailing. Under Pennsylvania law, contracts for indemnity are generally disfavored and narrowly construed, and indemnification for an indemnitee's own negligent acts in particular "is so hazardous, and the character of the

---

[1] The moving parties also argue that the individual County Defendants, Harper and Long, were not parties to the HSA and are thus not entitled to contractual indemnity. In addition, they argue that indemnity should not be available for violations of 42 U.S.C. §1983 or intentional torts, the basis for Plaintiff's claims against the County Defendants. Because the Court finds the indemnity provision does not provide indemnity for the County Defendants' negligence in any event, it need not address these arguments.

4

indemnity so unusual and extraordinary, . . . there can be no presumption that the indemnitor intended to assume the responsibility [for the indemnitee's negligence] unless the contract puts it beyond doubt by express stipulation. No inference from words of general import can establish it." *Ratti v. Wheeling Pittsburgh Steel Corp.,* 758 A.2d 695, 703, citing *Perry v. Payne*, 66 A. 553, 557 (1907); *see also Bernotas v. Super Fresh Food Markets, Inc.*, 863 A.2d 478, 484 (2004) (referencing Pennsylvania courts' "long standing policy underlying the rule narrowly construing indemnification provisions").

Given Pennsylvania caselaw's ardent disfavor of indemnification, particularly for negligence, the Court finds that the indemnity clause in the HSA does not extend to the County Defendants' own negligent acts or omissions, regardless of whether those acts or omissions are related to the provision of medical care. In this instance, the HSA not only lacks an "express stipulation" that indemnity is intended to include the County Defendants' own negligence, as required by Pennsylvania law; it in fact expressly and broadly excludes it. *See* HSA ¶ 10.2 ("Corizon's obligation to indemnify the County as set forth herein shall not apply to any claims, actions, lawsuits, damages, judgments and/or liabilities of any kind whatsoever to the extent that said claims, actions, lawsuits, damages, judgments and/or liabilities result from the negligent acts and/or omissions of the County and/or any of its agents, elected officials, servants, assigns and/or employees.").

The County Defendants' position that the exclusion applies only to non-medical acts and omissions, such as an injury caused by the negligent transport of an inmate, is untenable. It is true that Corizon's promise to indemnify the County Defendants from liabilities "arising out of the operation and maintenance of the aforesaid program of health care services" is broadly worded. It is, however, immediately qualified and limited by an equally broadly worded

exclusion of that indemnification, which states that "Corizon's obligation to indemnify the County as set forth herein shall not apply to any claims . . . *of any kind whatsoever* to the extent that [they] result from the negligent acts and/or omissions of the County." HSA ¶ 10.2 (emphasis added). The two clauses—granting indemnification and limiting it—are not in conflict, as the County Defendants claim. Rather, consistent with Pennsylvania law requiring a narrow reading of indemnification clauses, the exclusion can most logically be read as carving out an exception to the otherwise broad indemnification provided by the agreement. *See Ruzzi v. Butler Petroleum Co.*, 588 A.2d 1 (1991) (holding that even an indemnity agreement using "broad, all-inclusive words" could not establish the parties' intent to cover losses due to the indemnitee's own negligence; the parties must express this intent in "clear and unequivocal language" for the agreement to be enforceable). This result accords with the public policy underlying Pennsylvania caselaw. Were the Court to hold otherwise, if Plaintiff prevailed against the County Defendants at trial, they would nevertheless be completely excused for their failure to properly carry out their duty to ensure that Corizon deliver health services in a non-negligent manner to inmates for whom they, the County Defendants, were responsible.

It is clear from the Amended Complaint that Plaintiff is asserting claims directly against the County Defendants for their independent acts and omissions, including the alleged failure to ensure the delivery of medication to prisoners in their custody. *See, e.g.,* Am. Compl. ¶ 74 ("Defendants Harper and Long were aware of seriously deficient medication delivery by the Corizon Defendants to inmates at the jail."); *id.* ¶ 76 ("Defendant Harper wrote an email stating that 'medication distribution' was a serious problem. Yet he did nothing."); *id.* ¶ 80 ("The policymaking and policy enforcing agents of the Allegheny County Jail and Allegheny County,

including Defendant Harper and Defendant Long, maintained a custom and policy of not providing required medications to inmates and delegated functions relating to medical care to the Corizon Defendants while knowing or being recklessly indifferent to the fact that the Corizon Defendants were ignoring the serious medical needs of inmates."). Given Plaintiff's claim, the plain language of the exclusionary clause contained in the indemnity provision, and Pennsylvania law disfavoring indemnity for negligence, the Court cannot read the HSA as contracting away the County Defendants' constitutional obligations.

For these reasons, the Court also rejects the County Defendants' argument that even if the indemnity clause explicitly carves out indemnification for negligent acts and omissions, it does not explicitly exclude claims based on acts and omissions committed knowingly or recklessly, such as the claims the Plaintiff has asserted in this case. It defies both reason and law that the exclusionary clause in the indemnity provision should exclude coverage for the indemnitee's negligence, but not for acts or omissions committed with an even greater degree of culpability. *See Ratti*, 758 A.2d at 705 ("Since gross negligence is clearly more egregious than ordinary negligence, the rule of strict construction is even more appropriate in the case of indemnity for accidents caused by one's gross negligence.").

For the foregoing reasons, the Joint Motion is granted and the County Defendants' crossclaim against Corizon is dismissed.

Dated this 15th day of July, 2019.

*[signature: Barbara J. Rothstein]*

Barbara Jacobs Rothstein
U.S. District Court Judge