UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CRAWFORD, Administratrix of the Estate of Monty Crawford, Plaintiff, <br><br> v. <br><br> CORIZON HEALTH, INC., et al. <br><br> Defendants. | Civil Action No. 17-113 <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on a Motion for Reconsideration filed by Plaintiff Andrea Crawford, seeking reconsideration of this Court's Order Regarding (1) Motions *in Limine* and (2) Set-Off. Specifically, Plaintiff challenges the Court's conclusion regarding a right of non-settling Defendants Allegheny County, Orlando Harper, and Monica Long (the "non-settling Defendants") to have any jury award against them reduced by the amount paid or owed to Plaintiff by settling Defendants no longer in this case, including Corizon Health, Inc. (the "settling Defendants"). The Court ruled that the non-settling Defendants have such a right, relying in part on *Miller v. Apartments and Homes of New Jersey, Inc.*, 646 F.2d 101, 110 (3d Cir.1981), which Plaintiff by this motion argues has been effectively overruled, and may no longer be good law.[1]

---

[1] Whether or not *Miller* is good law, and if so to what extent, remains highly debated. *See Hay v. Somerset Area Sch. Dist.,* No. 3:16-CV-229, 2017 WL 5029057, at *4 (W.D. Pa. Oct. 31, 2017)("Three District Courts in the Third Circuit have considered Miller to be good law and held that contribution is available in § 1983 actions."); *Mavrinac v. Emergency Med. Ass'n of Pittsburgh (EMAP)*, No. 04-CV-1880, 2007 WL 4190714, at *3 (W.D. Pa. Nov. 21, 2007)("[T]he court's holding in Miller has not been overruled as it relates to set off in Section 1983 claims.").

To be clear, the Court agrees that the non-settling Defendants are not entitled to *contribution* from the settling Defendants; not least because their only crossclaim against those Defendants has been dismissed. But whether or not *Miller* is good law, the fact remains that Plaintiff will not be permitted to recover more in compensatory damages than she has suffered. *See Hoffman v. McNamara,* 688 F. Supp. 830, 834 (D. Conn. 1988)("Allowing double recovery would conflict with § 1983's basic purpose—to provide compensation, not a windfall.").

This conclusion comports with Pennsylvania and federal law, and with basic principles of equity. *See Mavrinac v. Emergency Med. Ass'n. of Pittsburgh (EMAP)*, No. 04-CV-1880, 2007 WL 4190714, at *6 (W.D. Pa. Nov. 21, 2007)("Pennsylvania law contemplates set off in cases where joint liability exists."), *citing* 42 Pa.C.S.A. § 8326.9 ("A release by the injured person of one joint tort-feasor, whether before or after judgment, . . . reduces the claim against the other tort-feasors in the amount of the consideration paid for the release."); *see also Velez v. Roche,* 335 F. Supp. 2d 1022, 1042 (N.D. Cal. 2004); *Goad v. Macon County*, 730 F.Supp. 1425, 1426 (M.D.Tenn.1989)("If, however, a plaintiff receives the jury-determined value of the injury *and* an additional amount through settlement for a single, indivisible injury, the plaintiff receives a windfall. He receives full compensation for the injury and then more compensation for the same injury. Thus, giving a set-off does not damage the [Section 1983] goal of compensation."); *Hoffman*, 688 F.Supp. at 831; *see also Ruhlmann v. Smith*, 323 F. Supp. 2d 356, 368 (N.D.N.Y. 2004) (citing equity grounds for reducing jury award by a portion of amount received in settlement).

At this point in the proceedings it remains undisputed that the basis for joint liability between the settling and non-settling Defendants exists; the injury Plaintiff claims is the single, indivisible injury of her son's death, for which all Defendants—those who have settled and those

who have not—were alleged to have been liable. Under these circumstances, the law provides that set-off of an award against the non-settling Defendants is available.

Plaintiff's motion for reconsideration is therefore DENIED.

Dated this 16th day of September, 2019.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge