# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

ANDREA CRAWFORD, Administratrix of the Estate of Monty Crawford,
    Plaintiff,

v.

CORIZON HEALTH, INC., et al.

    Defendants.

Civil Action No. 17-113

ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

## I.    INTRODUCTION AND BACKGROUND

This matter comes before the Court on a "Motion for New Trial Under Rule 50" filed by Plaintiff Andrea Crawford. Having reviewed the briefs filed in support of and in opposition to the motion, the Court denies the motion for the following reasons.

This case involves claims brought under 42 U.S.C. § 1983 concerning the death of Monty Crawford while in custody at the Allegheny County Jail. The complaint filed by Andrea Crawford ("Plaintiff"), Mr. Crawford's mother and the administratrix of his estate, alleged that Mr. Crawford's death was caused by Defendants' failure to provide him with necessary medications, knowing those medications were necessary to alleviate his suicidal ideation, exhibiting a deliberate indifference to his medical needs, in violation of his Eighth Amendment rights. Dkt. No. 1. The claims against the three remaining defendants, Allegheny County, Orlando Harper, and Monica Long (collectively "Defendants"), were tried to a jury, which returned a verdict in their favor on September 27, 2019.

After the jury returned the verdict, Plaintiff attempted to make a "motion to overturn the verdict, in other words, to file a motion notwithstanding the verdict on the basis of the

overwhelming evidence." *See* Trans. of Proceedings, 9/27/19, 6:4-6, Dkt. No. 269. Chief Magistrate Judge Cynthia Reed Eddy, who took the verdict by mutual consent of the parties, indicated that such motion would have to be made in writing to this Court. Magistrate Judge Eddy added, "So can you get your motion filed within two weeks or do you need to wait for the transcript. . . . We'll let Judge Rothstein know that you have requested to make that motion. So, do you need two weeks after the transcript[?]" and Plaintiff's counsel responded, "[t]wo weeks after the transcript." *Id.*, 6:19-22. The Court entered the judgment in this case on September 30, 2019; the official trial transcripts were filed October 22, 2019. Dkt. No. 263; Dkt. Nos. 265-69.

On November 3, 2019 (two days before the two-week deadline set by Magistrate Judge Eddy), Plaintiff filed an unopposed "Motion for an Extension of Time to File Her Brief in Support of Her Motion for Post-Trial Relief." The Court granted the motion for extension of time, extending the deadline set by Magistrate Judge Eddy, from November 5 to November 26. Plaintiff filed the instant Motion for New Trial on November 26, 2019.[1]

## II. DISCUSSION

### A. Whether Plaintiff's Motion Is Timely

Defendants' threshold objection to Plaintiff's motion is that it is untimely. Under both Rule 50 and Rule 59, a motion for a new trial must be made within 28 days of entry of judgment. The Court entered judgment in this case on September 30, 2019. Relying first on Magistrate Judge Eddy's deadline, and then on the Court's order granting the motion to extend the deadline, Plaintiff's "Brief in Support" was not filed until November 26, 2019. Defendants argue that the Court (neither this Court, nor Magistrate Judge Eddy) had authority to extend the 28-day deadline provided in Rules 50 and 59. Their position is based on, among other things, Rule 6(b),

---

[1] By subsequent agreement of the parties, Defendants' opposition was due December 30, 2019, and Plaintiff's reply January 15, 2020. Dkt. No. 274. Plaintiff did not, however, file a reply brief.

2

which provides, in relevant part, that "[a] court must not extend the time to act under Rules 50(b) [or] 59(b)."

The Court rejects Defendants' timeliness argument for purposes of ruling on the instant motion, for several reasons. First, as outlined above, Plaintiff's counsel attempted to make a motion for post-trial relief, immediately after the jury returned the verdict. Magistrate Judge Eddy declined to rule on the motion, indicating it would have to be made in writing to the Court. Moreover, Magistrate Judge Eddy unequivocally gave Plaintiff permission to file such motion within two weeks of the filing of the official transcript. Plaintiff filed a timely and unopposed motion to extend that deadline, which the Court granted, and filed her motion for a new trial within that extended deadline. Given Plaintiff's attempt to make the motion orally on September 27, the *sua sponte* extension of the deadline by Magistrate Judge Eddy, Defendants' failure to oppose the motion to again extend that deadline, and this Court's granting of that motion, the Court concludes that in the interests of justice, review of the merits of Plaintiff's motion is appropriate.

### B. Motion for New Trial

Plaintiff argues that she is entitled to a new trial based on several claimed errors in the jury instructions and verdict slip presented at trial. Plaintiff claims to be making the motion under Federal Rule 50, which provides, in relevant part:

> (a)(2) A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.
>
> (b) Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file

> a renewed motion for judgment as a matter of law and may include an alternative
> or joint request for a new trial under Rule 59.

Because Plaintiff did not make a motion under Federal Rule 50 "at any time before the case [was] submitted to the jury," she cannot avail herself of this rule. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008)("A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) *before the case was submitted to the jury*.")(emphasis added). Instead, the Court construes Plaintiff's motion as one made under Federal Rule 59(a). That rule provides, in relevant part, "Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." A court should order a new trial "if it is necessary to prevent injustice or to correct a verdict that was against the weight of the evidence." *Colegrove v. Cameron Mach. Co.*, 172 F. Supp. 2d 611, 632 (W.D. Pa. 2001). Plaintiff has not demonstrated she is entitled to a new trial on either grounds.

  1. *Reliance on Eighth Amendment Standard*

Plaintiff first argues she is entitled to a new trial because the Court employed the "wrong legal standard" by which Defendants' actions were to be judged. She argues that because Mr. Crawford was a pretrial detainee, not a convicted prisoner, "his case should have been determined by application of the Fourteenth Amendment and not the Eighth Amendment, which applies to convicted prisoners." Mot. at 23. The Court denies Plaintiff's motion for a new trial on these grounds for two reasons.

First, Plaintiff not only failed to raise this issue in the myriad pleadings filed before trial or during trial; she specifically pleaded an Eighth Amendment violation—and *only* an Eighth Amendment violation—in both her complaint and her amended complaint. Plaintiff has failed to

point to any pre-trial pleadings in this case that make reference to a Fourteenth Amendment violation, and Plaintiff has not claimed she raised this issue at any point during the trial. On the contrary, at trial Plaintiff's counsel repeatedly referred to Plaintiff's Eighth Amendment claims. *See, e.g.,* Trans. 9/25/19, 143:18-20, (Mr. Kolman, to the Court: "What I think [entitlement to qualified immunity is] a matter of is the provision of or the overseeing of appropriate health care that is in accordance with the Eighth Amendment."); Trans. 9/26/19, 30:9-13. (Mr. Kolman, to the jury: "Under the Eighth Amendment, [inmates] have a threshold right to medical care. If it is not provided, that is a violation of the Eighth Amendment, ladies and gentlemen, cruel and unusual punishment. Interestingly, it comes in through that area of the Constitution."). And Plaintiff failed to object to the apparently joint jury instructions, which repeatedly outlined the law relating to the Eighth Amendment, despite deliberate invitation by the Court to do so. *See* Trans. 9/25/19, 146:22-147:11 (Court, to counsel: "We have gone over the instructions and . . . you should have them. What I'd like you to do is sit here, go over them. . . . We'd like you to check us because we want to make sure that they're right and I don't want you telling me they're wrong after I instruct the jury. The idea is do it now. . . . So go through them pretty carefully."); *see also, e.g.,* Trans. 9/26/19, 6:17-19 (Court, instructing the jury: "In this case, the plaintiff alleges the defendants deprived the decedent, Monty Crawford, of rights under the Eighth Amendment of the Constitution."). "A principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2805 (3d ed. 2008). Plaintiff has not demonstrated such extraordinary circumstances.

Second, the jury was explicitly asked whether Mr. Crawford's manner of death was suicide, to which it answered "No." Verdict Slip, Dkt. No. 261. The legal lens through which this jury finding is viewed is immaterial; regardless of which constitutional violation was at issue, Plaintiff clearly failed to prove that Mr. Crawford's death was caused by Defendants' actions. In other words, she failed to prove either an Eighth or a Fourteenth Amendment violation. Even if the Eighth Amendment instructions were error, therefore, they were not prejudicial. Plaintiff is not entitled to a new trial on these grounds.

    2. *References to Mr. Crawford's Manner of Death as Suicide*

Plaintiff next ascribes several errors related to whether suicide was Mr. Crawford's manner of death, contained in the jury instructions and the verdict slip. Plaintiff now apparently objects to a question on the verdict slip, "Was the manner of Monty Crawford's death suicide?" arguing that "Mr. Crawford's recoverable damages do not rest, and are not conditional, on whether he committed suicide or not." Mot. at 33. Plaintiff also appears to object to the Court's "failure" to explain to the jury "that Defendants' knowledge of Mr. Crawford's particular vulnerability to suicide can be established through psychiatric history," and to instructions referring to the standard of "deliberate indifference to suicidal vulnerability." Mot. at 31-32.

It is unclear from Plaintiff's brief how references to Mr. Crawford's claimed suicide, either in the verdict slip or the jury instructions, could be construed as error. What is clear is that Plaintiff did not raise these objections below, either in pre-trial pleadings or at trial, despite ample opportunity to do so. She alleged in her complaint that Mr. Crawford committed suicide, and argued repeatedly at trial that suicide was his manner of death. It was the central theory of her case. Again, therefore, she has waived any right to a new trial based on these arguments. The Court denies Plaintiff's motion on these grounds as well.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a new trial is DENIED.

Dated this 17th day of March, 2020.

Barbara Jacobs Rothstein
U.S. District Court Judge